## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: SUNEDISON, INC., SECURITIES LITIGATION**                    MDL No. 2742

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiff the Municipal Employees' Retirement System of Michigan, which is the court-appointed lead plaintiff in the Eastern District of Missouri *Horowitz* action, moves under 28 U.S.C. § 1407 to centralize fifteen actions in the Southern District of New York. This litigation arises out of the operation and demise of SunEdison, Inc., a company engaged in renewable energy development – the financing, construction and operation of solar, wind and hydroelectric power plants – throughout the world. The actions, which are listed on the attached Schedules A and B, are pending in the Northern District of California (ten actions), the Eastern District of Missouri (three actions), the District of Maryland (one action) and the Southern District of New York (one action). The Panel has been informed of nine additional related federal actions.[1]

Consolidated ERISA plaintiffs in the Eastern District of Missouri (plaintiffs in the *Usenko* lead action and the *Dull* and *Linton* potential tag-along actions) and plaintiff in the Southern District of New York *Bloom* action and potential tag-along action support plaintiff's motion. Defendants[2] support centralization in the Southern District of New York but do not object to transfer to any of the districts in which the actions are pending.

The remaining responding plaintiffs oppose centralization. Consolidated ERISA plaintiff in the Eastern District of Missouri *Wheeler* potential tag-along action opposes centralization, as does

---

[*] Judge Marjorie O. Rendell did not participate in the decision of this matter.

[1] Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Ahmad Chatila, Brian Wuebbels, Emmanuel Hernandez, Antonio R. Alvarez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven Tesoriere, James B. Williams, Randy H. Zwirn, Matthew Herzberg, Martin Truong, Jeremy Avenier, Alejandro Hernandez, and Carlos Domenech Zornoza (collectively, the individual defendants); SunEdison, Inc. Investment Committee, TerraForm Global, Inc., TerraForm Power, Inc.; and Barclays Capital Inc., BTG Pactual US Capital LLC, Citigroup Global Markets Inc., Credit Agricole CIB, Credit Suisse, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Itaú BBA USA Securities, Inc., J.P. Morgan Securities LLC, Kotak Mahindra, Inc., Macquarie Capital (USA), Inc., MCS Capital Markets LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, Santander, SG Americas Securities, LLC, and SMBC Nikko Securities America, Inc. (collectively underwriter defendants).

**A CERTIFIED COPY**
**RUBY J. KRAJICK, CLERK**

BY _____
Deputy Clerk

-2-

plaintiff in the District of Maryland *Chamblee* action and the unopposed lead plaintiff movant in the Eastern District of Missouri *Church* action. Plaintiffs in the Northern District of California *Pyramid Holdings* action (the court-appointed lead plaintiff in the Terraform Global initial public offering class cases) and in the *Beltran* action oppose centralization of the Terraform Global IPO cases and, alternatively, suggest transfer to the Northern District of California. Terraform Global IPO plaintiffs in the Northern District of California *Iron Workers*, *Patel* and *Fraser* actions also oppose centralization and, alternatively, suggest transfer to the Northern District of California. Plaintiffs in four non-class Northern District of California actions (*Omega, Glenview, Cobalt* and *Oklahoma Firefighters*) oppose centralization of their actions and, alternatively, suggest transfer to the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition – *e.g.*, its liquidity, classification of debt (roughly $750 million in debt was reclassified from non-recourse to recourse debt in November 2015), and internal financial controls – and the alleged impropriety of its public filings. The actions before us involve various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief. All actions – whether focused on statements made in the promotion of SunEdison's or its affiliates'[3] securities, important acquisitions such as SunEdison's failed purchase of Vivint or decisions made regarding the SunEdison retirement plan – can be expected to turn on SunEdison's actual financial condition during the relevant time period and what information regarding the company's financial condition was disclosed to investors. Further, centralization will prevent inconsistent pretrial rulings on class certification and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs in most actions oppose centralization, largely focusing on the unique aspects of the various types of actions, and the different securities, claims or defendants involved. While there are differences in the focus of each group of actions, all actions contain similar allegations regarding the financial condition of SunEdison in the months leading up to its bankruptcy. The internal financial controls and financial reporting processes of the affiliates TERP and Terraform Global are alleged to have been closely tied, via Management Services Agreements, to those of SunEdison. According to plaintiffs, SunEdison provided them with most of their personnel, management, and operations.

---

[3] SunEdison had two partially-owned affiliates known as "yieldcos" – Terraform Power (TERP, which became publicly traded in July 2014), and Terraform Global (which held its initial public offering in late-July 2015). Plaintiffs explain that yieldcos are public companies created to purchase and own renewable energy projects developed by the sponsoring company, SunEdison. The projects purchased by a yieldco generate revenue as power is sold to customers, and the yieldco returns a portion of that revenue to its investors as dividends. TERP operates renewable energy projects in the developed world, and Terraform Global was reportedly intended to serve as a companion to TERP in emerging markets.

-3-

In particular, the affiliates' executives – including the individual defendants in most actions – often were or are SunEdison officers or directors.   In light of this common factual backdrop and overlapping defendants among the actions, we are persuaded that this litigation will benefit from the framework provided by centralized proceedings for discovery and motion practice.   The transferee court can, of course, structure the pretrial proceedings so as to allow discovery with respect to individual issues to proceed concurrently with pretrial proceedings on common issues, *In re: Ephedra Products Liability Litigation*, 314 F. Supp.2d 1373, 1375 (J.P.M.L. 2004), and otherwise ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We often have centralized diverse litigation stemming from the conduct of large companies that have entered bankruptcy.[4]  For instance, in MDL No. 2338 – *In re: MF Global Holdings Ltd. Investment Litigation*, 857 F.Supp.2d 1378 (J.P.M.L. 2012), we centralized investor actions alongside those brought by commodities futures customers in the district where defendants' bankruptcy was pending.   While some parties suggest that coordination among counsel may be preferable to formal centralization, the sheer number of counsel involved in these cases make this option challenging, if not unworkable.   Moreover, the Securities and Exchange Commission and the Department of Justice  reportedly are investigating SunEdison's conduct, and centralization before a single judge will facilitate coordination with any actions that may result.

Plaintiffs in the Northern District of California *Cobalt, Glenview* and *Omega* actions request that we exclude their actions in light of their pending petitions for permission to appeal under Section 1292(b) before the Ninth Circuit.  *See Cobalt Partners, LP, et al. v. SunEdison, Inc., et al.*, Appeal No. 16-80118 (9th Cir.).  We deny that request.  Given the overwhelming factual overlap of these three actions with the other actions, we think it best that all actions be transferred immediately so they can proceed in a coordinated fashion before a single judge.

We select the Southern District of New York as transferee district for this litigation.  The Southern District of New York is where SunEdison's Chapter 11 bankruptcy proceeding is underway.  We often have centralized litigation in the district in which a principal defendant's

---

[4]  *See, e.g., In re: Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) ("Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses."); *In re: WorldCom, Inc., Sec. & "ERISA" Litig.*, 226 F. Supp. 2d 1352, 1354 (J.P.M.L. 2002) (centralizing securities, ERISA and shareholder derivative actions because they involved common "factual questions arising out of alleged misrepresentations or omissions concerning WorldCom's financial condition and accounting practices").

-4-

bankruptcy is pending.[5] Moreover, this district has the support of defendants and several plaintiffs. Centralization in this district will facilitate coordination with the bankruptcy court on, *inter alia*, discovery, indemnification and settlement issues. Further, given that many of the underwriter defendants are based in this district, many potentially relevant documents and witnesses may be found there.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable P. Kevin Castel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Charles R. Breyer          Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

---

[5] *See, e.g., In re: Gen. Motors LLC Ignition Switch Litig.*, 26 F. Supp. 3d 1390, 1391 (J.P.M.L. 2014) (transferring actions to the Southern District of New York, where both General Motors and Delphi bankruptcies were filed); *In re: TelexFree Sec. Litig.*, 54 F. Supp. 3d 1353, 1354 (J.P.M.L. 2014) (transferring actions to district where TelexFree bankruptcy cases were filed).

**IN RE: SUNEDISON, INC., SECURITIES LITIGATION**          MDL No. 2742

## SCHEDULE A

Northern District of California

BELTRAN v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 5:15-04981
PYRAMID HOLDINGS, INC. v. TERRAFORM GLOBAL, INC., ET AL.,
     C.A. No. 5:15-05068
COBALT PARTNERS, LP, ET AL. v. SUNEDISON, INC., ET AL.,
     C.A. No. 3:16-02263
GLENVIEW CAPITAL PARTNERS, L.P., ET AL. v. SUNEDISON, INC., ET AL.,
     C.A. No. 3:16-02264
OMEGA CAPITAL INVESTORS, L.P., ET AL. v. SUNEDISON, INC., ET AL.,
     C.A. No. 3:16-02268
OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v.
     SUNEDISON, INC., ET AL., C.A. No. 5:16-02267
BADRI v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 5:16-02269
IRON WORKERS MID-SOUTH PENSION FUND v. TERRAFORM
     GLOBAL, INC., ET AL., C.A. No. 5:16-02270
PATEL v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 5:16-02272
FRASER v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 5:16-02273

District of Maryland

CHAMBLEE v. TERRAFORM POWER, INC., ET AL., C.A. No. 8:16-00981

Eastern District of Missouri

HOROWITZ v. SUNEDISON, INC., ET AL., C.A. No. 4:15-01769
USENKO v. SUNEDISON, INC., ET AL., C.A. No. 4:16-00076
CHURCH v. CHATILA, ET AL., C.A. No. 4:16-00628

Southern District of New York

BLOOM, ET AL. v. SUNEDISON, INC., ET AL., C.A. No. 1:16-07427